UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESHAWN MAURICE HARRELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN M. WAGSTAFFE, et al., <br><br> Defendants. | Case No. 23-cv-05120-JD <br><br> **ORDER** <br> Re: Dkt. No. 5 |

Plaintiffs, two detainees, filed a pro se civil rights complaint under 42 U.S.C. § 1983, regarding an incident at Maguire Correctional Facility. Plaintiffs were sent a notice that they had not paid the filing fee or submitted a complete application for leave to proceed in forma pauperis ("IFP"). They were provided twenty-eight days to correct these deficiencies. More than twenty-eight days has passed, and lead plaintiff Harrell has not paid the fee, filed a complete application to proceed IFP or otherwise communicated with the Court. Plaintiff Watson submitted a complete application to proceed IFP. Only Harrell signed the complaint, so Watson was sent a notice to submit a signed complaint. Watson has not filed a signed complaint.

To the extent plaintiffs seek to litigate this action together, the request is denied due to procedural hurdles to plaintiffs' joinder. If plaintiffs proceed as a group, under the Federal Rules of Civil Procedure, each plaintiff must sign every filing made in this case. The failure of any plaintiff to sign a particular pleading could be prejudicial to him and possibly subject his claims to dismissal. The routine practices of incarceration often prohibit or delay communications between prisoners. For these reasons, the Court is not inclined to accept multiple filings from different plaintiffs in the same case, or to delay filing deadlines until all plaintiffs can sign a single pleading. The interests of justice are not served by joinder of plaintiffs in this action. Federal

1  Rule of Civil Procedure 20 is designed to promote judicial economy, and reduce inconvenience,
2  delay, and added expense.  Here, efficiency will not be promoted by allowing two plaintiffs to
3  bring a single case.  Avoidance of possible prejudice to individual plaintiffs and avoidance of
4  confusion call for plaintiffs' claims to proceed separately.  Moreover, severing plaintiffs will not
5  prejudice any substantial right.  In addition, it appears that Harrell has been released from custody
6  and has not updated the Court with a new address.  *See* Dkt. No. 4 in Case No. 23-5335 JD and
7  Dkt. No. 3 in Case No. 23-5337 JD.

For the foregoing reasons:

1. Watson is terminated from this action.  The Clerk is requested to open a new case for Watson.

2. This case is dismissed without prejudice due to Harrell's failure to pay the filing fee or submit a complete application to proceed IFP.  All pending motions are dismissed as moot and the Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: November 27, 2023

JAMES DONATO
United States District Judge